United States District Court
Southern District of Texas
**ENTERED**
August 31, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-18-345 (3,6) |
| | § | |
| | § | |
| LINDELL KING, YNEDRA DIGGS, | § | |

Defendants.

**MEMORANDUM AND OPINION**

Lindell King and Ynedra Diggs were convicted under 18 U.S.C. § 371 of conspiracy to commit Medicare fraud by paying and receiving kickbacks and under 42 U.S.C. § 1320a-7b(b). The defendants have received copies of the Presentence Reports prepared for them, consistent with Rule 32 of the Federal Rules of Criminal Procedure. These defendants have moved for compelled disclosure of the Presentence Reports prepared for previously sentenced codefendants Timothy Haynes and Colin Wilson. (Docket Entry Nos. 331, 332). The government opposes the motion, as does Wilson. (Docket Entry Nos. 337, 338). Because disclosure would be contrary to the confidentiality afforded to the Presentence Reports of individuals other than the defendants, the motion is denied.

Rule 32(e) of the Federal Rules of Criminal Procedure requires the court to disclose the Presentence Report to a defendant and his or her counsel without any of the information excluded by Rule 32(d)(3). Rule 32(e)(2) requires timely disclosure to the defendant, defense counsel, and the government. The rule does not provide for the disclosure of a Presentence Report to codefendants or third parties or allow one defendant to obtain the Presentence Reports prepared for codefendants.

The Presentence Report is a confidential document and generally not available to others without the advance permission of the court. The Guide to Judiciary Policy (Volume 8, Part D) provides national guidance on the confidential nature and limits on disclosure of Presentence Reports, and § 630(c) specifically states that the Presentence Report is confidential and "[a]s a general rule . . . unavailable to anyone other than" the defendant, federal prosecutors, counsel for the defendant, the court, the Bureau of Prisons, the Parole Commission (if applicable), and the Sentencing Commission. 8D GUIDE TO JUDICIARY POL'Y § 630(c); *see id.* § 630(a). That same section goes on to state that "[t]he presentence report is primarily for court use, and court policies should be rigidly followed in revealing the contents of the report beyond the court." *Id.* § 630(c). Courts recognize the justifications for the general rule that Presentence Reports are confidential. *See, e.g.*, *United States v. Martinello*, 556 F.2d 1215, 1216 (5th Cir. 1977) ("[R]equiring disclosure of a presentence report is contrary to the public interest as it may adversely affect the sentencing court's ability to obtain data on a confidential basis from the accused, and from sources independent of the accused, for use in the sentencing process."). Presentence Reports contain sensitive information to the point that they are considered contraband inside the Federal Bureau of Prisons. Federal Bureau of Prisons, Program Statement 1351.05 at 16 (Sept. 19, 2002) ("For safety and security reasons, inmates are prohibited from obtaining or possessing photocopies of their PSRs, SORs, or other equivalent non-U.S. Code sentencing documents . . . .").

"[T]here is a general presumption that courts will not grant third parties access to the presentence reports of other individuals." *United States v. Smith*, 13 F.3d 860, 867 (5th Cir. 1994). The courts of appeal to consider the issue generally require a defendant seeking disclosure of other defendants' Presentence Reports to demonstrate "that disclosure is required to meet the ends of justice" or to make a similarly compelling showing. *See, e.g.*, *United States v. Pendleton*, 832 F.3d

934, 941 (8th Cir. 2016) (quoting *United States v. McKnight*, 771 F.2d 388, 390 (8th Cir. 1985)); *cf. United States v. Gomez*, 323 F.3d 1305, 1308 (11th Cir. 2003) (noting that a "sufficiently compelling need" existed for the release of federal presentence information to state prosecutors); *U.S. Dep't of Just. v. Julian*, 486 U.S. 1, 12, 14 (1988) (allowing the release to inmates of their own Presentence Reports under the Freedom of Information Act, and observing that "in both civil and criminal cases the courts have been very reluctant to give *third parties* access to the presentence investigation report prepared for some other individual or individuals"). For example, if a Presentence Report contained information about the credibility of an important government witness with respect to a defendant who had yet to be convicted, justice might require disclosure of the relevant portions of the report. *See United States v. Figurski*, 545 F.2d 389, 391 (4th Cir. 1976). No circumstances justifying disclosure are present here.

Mr. King and Ms. Diggs have already been convicted. Neither of these defendants has provided a sufficient basis for this court to allow them to receive copies of their codefendants' Presentence Reports. Mr. King and Ms. Diggs argue only that such access may help them address potential disparities in sentencing under 18 U.S.C. § 3553(a)(6). (Docket Entry No. 331 at 2). But the court has given, and will give, full consideration to the circumstances of each defendant at sentencing. Those circumstances, the Guidelines, and all the factors under 18 U.S.C. § 3553(a) are important in avoiding unwarranted sentencing disparities among codefendants. Mr. King and Ms. Diggs have sufficient information to present their sentencing arguments without access to their codefendants' Presentence Reports. Their motions are denied.

SIGNED on August 31, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge