Case 4:18-cr-00345   Document 395   Filed on 01/06/23 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
January 06, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § | CRIMINAL ACTION NO. H-18-345 (3,6) |
| LINDELL KING and YNEDRA DIGGS | § | |

**ORDER DENYING STAY**

On April 4, 2022, Lindell King and Ynedra Diggs were convicted of conspiring to defraud the United States and to pay and receive health care kickbacks under 18 U.S.C. § 371 and of violating the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b). (Docket Entry No. 254). On November 30, 2022, the defendants were sentenced to 60 months of imprisonment, to be followed by 3 years of supervised release, on each count of conviction to run concurrently. (Docket Entry No. 365). The court delayed surrender until January 2023. (*Id.*). In December 2022, both defendants filed motions to stay pending appeal. (Docket Entry Nos. 377, 380).

**I.     Legal Background**

A convicted defendant has no constitutional right to bail. *United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987). The Bail Reform Act of 1984 made it harder for a defendant to be released on bail pending appeal. *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (noting that the changes Congress made were "designed to toughen the law with respect to bail pending appeal"). The Fifth Circuit has recognized that the Bail Reform Act (codified at 18 U.S.C. § 3143(b)) "establishes a presumption against the grant of such bail." *Williams,* 822 F.2d at 517.

Under the Bail Reform Act, a defendant is ineligible for bail pending appeal or a writ of certiorari unless he or she proves "by clear and convincing evidence that [he or she] is not likely

to flee or pose a danger to the safety of any other person or the community if released," and the court finds that the appeal raises "a substantial question of law or fact likely to result in— (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1).

The burden is on the defendant to prove by clear and convincing evidence that:

(1) the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) the appeal is not for purpose of delay;

(3) the appeal raises a substantial question of law or fact; and

(4) if that question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*Williams*, 822 F.2d at 517 (quoting *United States v. Valera-Elizondo*, 761 F.2d 1020, 1025 (5th Cir. 1985)). The Fifth Circuit has defined a substantial question as (1) a question that is novel, has not been decided by controlling precedent, or which is fairly doubtful, (2) a close question that could be decided the other way, or (3) a question that raises a substantial doubt (not merely a fair doubt) as to the outcome of its resolution. *See United States v. Clark*, 917 F.2d 177, 180 (5th Cir. 1990) (a so-called substantial question is "one that is 'close' or 'that could very well be decided the other way' by the appellate court" (quoting *Valera-Elizondo*, 761 F.2d at 1023–24)).

A defendant who meets only the first two prongs does not qualify for bond pending appeal. The Fifth Circuit and district courts within the circuit routinely deny motions for release in healthcare fraud and other white-collar cases for failure to show one or both the third and fourth prongs of the *Williams* test. *See, e.g.*, *United States v. Clark*, 917 F.2d 177, 181 (5th Cir. 1990); *United*

*States v. Abdallah*, No. 4:07-cr-155, 2009 WL 1918401 (S.D. Tex. July 1, 2009) (Rosenthal, J.) (health care fraud).

For example, in *Abdallah*, this court denied release pending appeal in a health-care fraud prosecution on the ground that the appeal did not raise a substantial question of law or fact that was likely to result in reversal. 2009 WL 1918401, at *8. The parties agreed that the defendants were not a risk of flight or danger to the community and were not pursuing the appeal solely for delay. *Id*. at *2. The court denied the motion because the issues raised on appeal did not present a "'close' question or one that very well could be decided either way," and the issues did not "raise a 'substantial doubt' as to the outcome." *Id*. at *3 (quoting reference omitted). It was not enough that "reasonable jurists" would find issues raised on appeal "fairly debatable or that there was no controlling precedent on a question raised on appeal." *Id*. at *3, *6.

## II.   Analysis

### A.  The Calculation of Benefit Conferred

The defendants assert that there was an error at sentencing in the calculation of the improper benefit conferred. The defendants argue that the $537,992.55 figure used as the basis for enhancement raises a substantial question of law that warrants reversal. The defendants do not explain how this figure is a miscalculation, much less show by clear and convincing evidence that the question constitutes a substantial question of law or fact that is likely to result in reversal or an order for a new trial of the counts for which imprisonment has been imposed.

The defendants claim that the alleged miscalculation has caused unwarranted sentencing disparities when compared to the sentences of their codefendants. They do not identify any error in the district court's legal or factual analysis. The defendants ignore the different facts relating to the coconspirators, including their different levels of involvement in the scheme, cooperation with

law enforcement, and the different amounts of improper benefit conferred.  They have failed to identify how the court has miscalculated the benefit conferred.  The court accepted the Pretrial Probation Office's findings as to improper benefit conferred as the amount Medicare paid the group home at issue for claims associated with the group home residents King and Diggs provided to Behavioral Medicine Houston in exchange for kickbacks.  The defendants fail to meet their burden by clear and convincing evidence because they have not raised a substantial question of law or fact.

### B.  The Court's Jury Instructions

The defendants argue that the court's purported misstatement to the jury on March 29, 2022, regarding the presumption of innocence raises a question likely to warrant reversal or a new trial.  This argument is unpersuasive.

The misstatement was made during voir dire, before a jury was sworn or any evidence had been received.  It was preceded by the court twice explaining to the venire the presumption of innocence.  *See* Trial Tr. Vol 1 at 18:4–8 ("This is a criminal case.  That means that nobody in this room is guilty, nobody.  You've all heard the phrase 'presumed innocent.'  Under our system, no one is guilty of any crime charged unless and until the government meets its burden of proving guilt beyond a reasonable doubt."); Trial Tr. Vol. 1 at 19:20–22 ("Each of the defendants is presumed innocent, and that goes to every element of the charged.  No defendant is required to prove his or her innocence.")  The defendants rely on the court's third address to the venire regarding the presumption of innocence.  There was a misstatement, but it was promptly caught and effectively corrected.  *See* Trial Tr. Vol. 1 at 113:19–23 ("First the defendants are presumed guilty until—*presumed innocent*—I'm going to say it again because this is really critical to get right.  *The defendant is presumed innocent until and unless proven guilty*." (emphasis added)).

4

The defendants also ignore the fact that the empaneled jury who sat through the entire trial was again and correctly instructed, orally and in writing, before deliberations on the presumption of innocence. The court appropriately instructed the jury, on the presumption of innocence.

The Fifth Circuit has held that "[a] failure to give a requested instruction on the presumption of innocence . . . must be evaluated in light of the totality of the circumstances—including the instructions to the jury, the arguments of counsel, whether the weight of evidence was overwhelming, and other relevant factors." *United States v. Ruppel*, 666 F.2d 261, 274 (5th Cir. Unit A 1982) (quoting *Kentucky v. Whorton*, 441 U.S. 786, 789 (1979)).

The issue here is whether the beginning of a misstatement of the presumption, before the jury was even sworn, a misstatement that was promptly corrected, requires reversal. Considering the totality of the circumstances—including the instructions on the presumption of innocence before the misstatement, the immediate correction of the misstatement, and the correct jury instructions on the presumption of innocence before deliberations began—the defendants have failed to show prejudice. The defendants have failed to raise a substantial question of law or fact that is likely to result in reversal.

## III. Conclusion

The defendants have not established any basis to overcome the "presumption against the grant of such bail." *Williams*, 822 F.2d at 517. The defendants have not met their burden to establish by clear and convincing evidence that they have met the factors necessary to allow bail pending appeal. The motions for stay, (Docket Entry Nos. 377, 380), are denied.

SIGNED on January 6, 2023, at Houston, Texas.

_____
                           Lee H. Rosenthal
                        United States District Judge